**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ADILYA MAMEDOVA, on behalf of herself and all others similarly situated,

Plaintiff(s),

-against-

COLLECTO, INC., D/B/A EOS CCA, and JOHN DOES 1-25,

Defendant(s).

Civil Case Number: _____________

**CIVIL ACTION**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ADILYA MAMEDOVA, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, COLLECTO, INC., D/B/A EOS CCA, ("EOS CCA"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply

with the Act. *See* 15 U.S.C. 1692 *et seq.* Rosenau v Unifund Corp., 539 F.3d 218, 221 (3rd Cir. 2008); Brown v. Card Service Center, 464 F.3d 450, 453 (3rd Cir. 2006).

3. Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* Brown, 464 F.3d at 453; Matter of Stroh v Director, OWCP, 810 F.2d 61, 63 (3rd Cir. 1987).

4. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5. The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6. "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even through

no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins*, 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

10. Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**DEFINITIONS**

13. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

**PARTIES**

14. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15. Plaintiff is a natural person and a resident of Hudson County in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16. EOS CCA is a foreign corporation with its primary offices located at 700 Longwater Drive, Norwell, Massachusetts 02061.

17. Upon information and belief, EOS CCA is primarily in the business of acquiring and/or collecting debts that are allegedly due to another.

18. EOS CCA has attempted to collect a debt or obligation allegedly owed by Plaintiff to US ASSET MANAGEMENT, INC.

19. EOS CCA regularly used the United States Postage Service in its attempts to collect debts due to others.

20. EOS CCA is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

21. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

23. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who sent initial collection letters and/or notices from the EOS CCA concerning a debt owed or allegedly owed to US ASSET MANAGEMENT, INC,

       between February 28, 2018 and February 28, 2019, which included the alleged conduct and practices described herein,

- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

24. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

  a. Whether the Defendant violated various provisions of the FDCPA including but not limited to: Section § 1692g *et seq*.

  b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**STATEMENT OF FACTS**

25. Sometime prior to March 22, 2018, Plaintiff allegedly incurred a financial obligation to Salle Mae ("Salle Mae").

26. The Salle Mae obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

27. The Salle Mae obligation did not arise out of a transaction in which money, property, insurance or services, were not primarily for personal, family or household purposes.

28. The Salle Mae obligation did not arise out of a business transaction.

29. The Salle Mae obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

30. Salle Mae is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

31. On or before March 22, 2018, Plaintiff's account with Salle Mae became past due and was in default.

32. On or before March 22, 2018, Salle Mae sold/transferred Plaintiff's account to US ASSET MANAGEMENT, INC.

33. At the time Salle Mae sold/transferred Plaintiff's account to US ASSET MANAGEMENT, INC., the account was in default.

34. On or before March 22, 2018, US ASSET MANAGEMENT, INC., place the Salle Mae account with EOS CCA for the purpose of collection.

35. At the time US ASSET MANAGEMENT, INC., placed Plaintiff's account with EOS CCA the account was in default.

36. On or before March 22, 2018, EOS CCS caused to be mailed to Plaintiff a letter attempting to collect the alleged Salle Mae debt. A copy of said letter is annexed hereto as Exhibit A.

37. Upon receipt, Plaintiff read said letter.

38. The first paragraph of the March 22, 2018 letter stated in part:

> US ASSET MANAGEMENT, INC has placed your account with us for collections. This is a demand of your payment of your debt. We urge you to remit payment to our office, unless you dispute this debt.

39. Near the bottom of the front side of the letter the following notice was given:

> *** Please see reverse for important notices and account detail. **

40. The back side of the March 22, 2018 letter stated:

FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

| EOS CCA ACCOUNT # | CLIENT ACCOUNT # | PRINCIPLE | INTEREST | FEES | BALANCE |
|---|---|---|---|---|---|
| 10518157 | 5852500008346574 | $9,551.52 | $362.32 | $23.67 | $9,937.51 |
| 10518322 | 5852500014253749 | $6,368.18 | $274.71 | $34.50 | $6,677.39 |
| | | | | TOTAL DUE: | $16,614.90 |

For payments and general account inquiries, call 1-855-526-6298 or 1-617-904-9843.
For customer service issues, call our Consumer Relations Department at 1-877-395-5997.

41. The March 22, 2018 letter did not list an address on the back side of the letter.

42. In the Third Circuit, a debt collector's written disclosure must convey the requirement that a consumer dispute the alleged debt in writing.

42. Because the March 22, 2018 letter does not expressly state that the debtor must dispute the debt in writing in the notice can reasonably be interpreted to allow a debtor to dispute the debt either orally or in writing.

43. The language in the March 22, 2018 letter reinforces the possibility that a debtor may dispute the debt either orally or in writing by stating "*if*" the debtor disputes the debt in writing, *then* the office will obtain verification of the debt or a copy of the judgment.

44. The least sophisticated consumer reading the "Unless" and "If" sentences together would believe that either a written or oral response is sufficient to dispute the debt.

45. The least sophisticated consumer reading the March 22, 2018 letter would be lead to believe that she could dispute the debt(s) by calling any one of the three telephone numbers listed direct below the validation notice.

46. The least sophisticated consumer reading the March 22, 2018 letter would be lead to believe that only "*if*" she wanted verification of the debt and/or the name and address of the original credit, would she need to submit a written dispute.

47. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991) and *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

**POLICIES AND PRACTICES COMPLAINED OF**

48. It is Defendants' policy and practice to send initial written collection communications, in the forms annexed hereto as Exhibit A which violate the FDCPA, by *inter alia*:

(a) failing to properly inform the consumer that a dispute must be made in writing;

      > (b) Using false representations or deceptive means to collect or attempt to collect any debt.

49. On information and belief, Defendants sent a written communication, in the form annexed hereto as Exhibit A to at least 40 natural persons the State of New Jersey.

**COUNT I**

**FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692
VIOLATION OF 15 U.S.C. §1692 *et seq.*,**

50. Plaintiff repeats the allegations contained in paragraphs 1 through 49 as if the same were set forth at length.

51. Collection letters and/or notices such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

52. Section 1692g(a) of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its initial communication with the consumer and send the consumer a written notice containing:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector ---
>
> (4) if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

53. The least sophisticated consumer reading the "Unless" and "If" sentences together would believe that either a written or oral response is sufficient to dispute the debt.

54. The least sophisticated consumer upon reading the March 22, 2018 letter from Defendants, would be led into believing that a dispute could be made orally or in writing.

55. Upon reading the March 22, 2018 letter from Defendants, the least sophisticated consumer who wanted to dispute the validity of the debt, would believe that she should choose either to: (1) dispute the debt orally by calling any one of the three telephone numbers list directly below the validation notice; or (2) dispute the debt by writing to Defendants at the address on the top only on the front side of the letter.

56. The least sophisticated consumer reading the "Unless" and "If" sentences together would believe that either a written or oral response is sufficient to dispute the debt.

57. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991) and *Caprio v. Healthcare Recovery Group, LLC*, 2013 WL765169 (3d. Cir. 2013).

58. Defendants violated Section 1692g *et seq*. of the FDCPA by providing instructional language, which is confusing, and makes the least sophisticated consumer unsure as to what he must do to effectively dispute the alleged debt.

59. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

62. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

63. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

64. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

65. Plaintiff suffered an informational injury due to Defendants' violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

66. Plaintiffs suffered a risk of economic injury due to Defendants' violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

67. By reason thereof, Defendants' are liable to Plaintiff for declaratory judgment that DIVERSIFIED 's conduct violated Section 1692g et seq., of the FDCPA, statutory damages, costs and attorneys' fees.

68. Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

69. Defendants violated Section 1692e(10) of the FDCPA providing language that misrepresents to the least sophisticated consumer who wanted to dispute the amount of the debt would believe that he should choose either to: (1) dispute the debt orally by calling any one of thee telephone numbers listed directly below the validation notice; or (2) dispute the debt by writing to Defendants at the address listed only on the front side of the March 22, 2018 letter.

67. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

68. Plaintiff and the class members have been accorded a procedural right to protect their concrete interest in receiving certain information pursuant to the FDCPA.

69. The deprivation of certain information relating to the FDCPA constitutes a sufficiently distinct injury to Plaintiff and the class.

70. The deprivation of certain information relating to the FDCPA creates a cognizable injury-in-fact to Plaintiff and the class members.

71. Plaintiff has and will continue to suffer actual damages and other damages as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

72. Plaintiff suffered an informational injury due to Defendants' violation of 15 U.S.C. §1692e *et seq.*, of the FDCPA.

73. Plaintiffs suffered a risk of economic injury due to Defendants' violation of 15 U.S.C. §1692e *et seq.* of the FDCPA.

74. By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

WHEREFORE**,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g) Awarding pre-judgment interest and post-judgment interest; and

(h) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 28, 2019

/*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

**CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 28, 2019

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

EXHIBIT

A



EOS CCA
PO BOX 981002
BOSTON, MA 02298-1002

| | |
|---|---|
| STATEMENT DATE | 03/22/18 |
| ACCOUNT# | |
| CURRENT CREDITOR | US ASSET MANAGEMENT INC |
| ORIGINAL CREDITOR | SMB Private Ed Loan Grantor Tr |
| **TOTAL AMOUNT DUE** | **$16614.90** |

# NOTICE OF COLLECTION PLACEMENT

US ASSET MANAGEMENT INC has placed your account with us for collections. This is a demand of your payment of your debt. We urge you to remit payment to our office, unless you dispute this debt.

Note: Your account may be accruing interest on a daily basis; please contact our office for an exact payoff amount.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

****Please see reverse for important notices and account details.****

Pay online at www.eos-cca.com. Log in with the following account number:

Pay by phone at 1-855-526-6298.

Pay by mail: Include the remittance slip below and send to the address shown on the slip.

Office Hours: Mon-Thur 8:00 AM - 9:00 PM ET, Fri 8:00 AM - 5:00 PM ET, Sat 8:00 AM - 12:00 PM ET

Detach remittance slip and enclose with payment

PO BOX 981002
BOSTON, MA 02298-1002

US ASSET MANAGEMENT INC

TOTAL AMOUNT DUE $16614.90

IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW

| CARD NUMBER | AMOUNT |
|---|---|
| SIGNATURE | Exp. Date |

ADILYA MAMEDOVA

EOS CCA
PO BOX 981008
BOSTON, MA 02298-1008

1 of 1

120114-2144 394

FEDERAL LAW

Unless you dispute the validity of this debt, or any portion thereof, within thirty days after receipt of this notice, we shall assume the debt to be valid. If you notify us in writing of your dispute within this thirty-day period, we will obtain verification of the debt, or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you. Upon your written request within the thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

| EOS CCA ACCOUNT # | CLIENT ACCOUNT # | PRINCIPLE | INTEREST | FEES | BALANCE |
|---|---|---|---|---|---|
| [redacted] | [redacted] | $9,551.52 | $362.32 | $23.67 | $9,937.51 |
| | | $6,368.18 | $274.71 | $34.50 | $6,677.39 |
| | | | | TOTAL DUE: | $16,614.90 |

For payments and general account inquiries, call 1-855-526-6298 or 1-617-904-9843.
For customer service issues, call our Consumer Relations Department at 1-877-395-5997.